## PROVIDENCE COUNTY.

——◆——

13  627
17  133
13  627
19  230

JAMES COTTLE, Trustee, *vs.* THE AMERICAN SCREW COMPANY.

May 17, A. assigned his wages to B., and this assignment was made May 27, filed with A.'s employer. May 22, A.'s wages were attached by garnishing his employer. May 31, the employer filed an affidavit setting forth these facts, on which a justice court held the employer liable, and entered up judgment, which the employer paid. The judgment was erroneous under the law of Rhode Island, whereupon A., as trustee of B., sued the employer for the amount of the judgment.
*Held,* that the action could not be sustained.

EXCEPTIONS to the Court of Common Pleas.

This case was originally brought in the Justice Court of the city of Providence, was carried to the Court of Common Pleas by the plaintiff's appeal, and came before this court on exceptions taken by the defendant to the rulings of the presiding justice in the Court of Common Pleas.

May 22, 1880, one Benjamin F. Almy served a writ of attachment from the Justice Court, in the city of Providence, against Joseph Cottle, by garnishing the American Screw Company as the debtor of Cottle. This writ was returnable June 3, 1880.

May 27, 1880, the following assignment by Cottle to one Franklin B. Ham, was filed with the American Screw Company:

"Know all men, that I, James Cottle, of Providence, in the County of Providence, in the State of Rhode Island, in consideration of one dollar to me paid by Franklin B. Ham, of said Providence, the receipt whereof is hereby acknowledged, do hereby assign to said Ham, his executors, administrators, and assigns, all claims I now have and all which I may or shall have between the date hereof and the first day of August, 1880, against the American Screw Company, a corporation established by law at said Providence, for all sums of money due and all which may or shall become due to me from said corporation between the date hereof and said first day of August, 1880. To have and to hold to said Franklin B. Ham, his executors, administrators and assigns forever. And I hereby constitute and appoint said Ham my attor-

ney irrevocable in the premises, to do and perform all acts, matters, and things touching the premises, in the like manner to all intents and purposes, as I could if personally present.

"In witness whereof I have hereunto set my hand and seal, at Providence, this 17th day of May, 1880.

"JAMES COTTLE.   [L. S.]

"In presence of
"WM. T. MANSIR, JR."

May 31, 1880, the American Screw Company filed the following garnishee's affidavit:

"ALMY *v.* COTTLE.   JUSTICE COURT, City of Providence.

"I, William H. Henderson, on oath say that I am treasurer of the American Screw Company, and was such treasurer at the time the writ in the above entitled case was served on said company in trustee process; that at the time said writ was served as aforesaid, May 22, at 10 o'clock and 8 minutes A. M., said company was indebted to said Cottle for wages of labor in the sum of forty-one and $\frac{65}{100}$ dollars, but since the time of the service of above writ, or on the 27th May, said company had filed with them a deed of assignment from James Cottle to Franklin B. Ham, dated May 17, 1880, a copy of which is hereunto attached, and they submit to the court whether or not the wages now in their hands are subject to above attachment.   And except as aforesaid, said company had not in its hands or possession any of the personal estate of said Cottle, as the attorney, agent, factor, trustee, or debtor of said defendant.                       W. H. HENDERSON."

(And sworn to.)

June 3, 1880, the Justice Court adjudged the garnishee to be liable, and judgment was entered in favor of the plaintiff Almy, whereupon execution issued and was paid by the American Screw Company.

Subsequently, Ham, who had been cognizant of the proceedings in Almy's suit, began this action in the name of Cottle, claiming that the judgment in the case of *Almy* v. *Cottle*, charging the garnishee, was illegal and void, and that he was entitled to recover the amount paid out by the garnishee under it.

*April* 1, 1882.   DURFEE, C. J.   We do not see that the defendant corporation neglected to do anything in the case in which

it was garnished, which it was its duty to do for the protection of the plaintiff's assignee. Confessedly it laid before the Justice Court, in due season, in its affidavits, the facts as they existed, for the court to decide upon them whether it was chargeable as garnishee. The court decided that it was, and charged it accordingly. If the decision was erroneous, the error is attributable not to the defendant, but to the court, and the defendant ought not to suffer for it. But the defendant will have to suffer for it, if it is held in this suit, for, being charged, it was obliged to pay the debt sued for in the former action, and now, if it is held, it will have to pay it over again.

The assignee contends that the defendant ought to be held for two reasons. The first is that the defendant in its conduct as garnishee was guilty of laches or negligence in this, that it was authorized to defend the action in which it was garnished, in behalf and in the name of the defendant in that action, and, if it had done so, might have appealed, and had the error of the Justice Court corrected on appeal. We think, however, that the purpose of the provision of the statute referred to was to confer a privilege, not to impose a duty. Originally the action could not be commenced by garnishment unless the defendant was out of the State. The garnishee was doubtless permitted to appear for the defendant for his protection in his absence, but he was only permitted, not obliged, to appear for him. His duty was and is simply to make affidavit showing whether, when the writ was served, he had any personal estate of the defendant in his hands; and if he does this fully and seasonably, we do not see how he can be deemed guilty of laches or negligence because he does not gratuitously undertake the defence of the action. He has the right to presume that the court, appointed by law to determine whether he is chargeable or not, will correctly perform its duty when it has the facts before it. It was rather for the assignee, who was cognizant of the action, than the defendant, to look out for the court.

The second reason is, that the assignee was not a party to the former action, and, therefore, is not bound by any judgment rendered in it. If the assignee had become the legal as well as the equitable owner of the assigned debt by the assignment, this

reason would certainly be cogent, and perhaps conclusive. But the assignee did not become the legal owner. His title remained imperfect, a mere equity. The legal title still continued in the original creditor, and the original creditor was a party to the action in which the defendant was charged as garnishee. It is the original creditor, and not the assignee, who is plaintiff in the present action; the assignee prosecutes through him. Now it is true that the law courts have rather illogically undertaken to protect the equity of the assignee, but they will not give protection if they cannot do so without wronging a debtor who is himself in no fault. Here the debtor is in no fault; he has as strong an equity as the plaintiff, and he has, besides, the defence that he has paid the debt by compulsion of law. The exceptions must therefore be sustained, and the case remitted for a new trial.

*Exceptions sustained.*

*H. A. McKenney,* for plaintiff.
*Tillinghast & Ely,* for defendant.